JOE ADAMS v. STATE.

No. A-8618.   Jan. 18, 1934.
(28 Pac. [2d] 1113.)

Perry & Bristow, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter referred to as the defendant, was by information charged with manslaughter in the first degree; was convicted and sentenced to serve a term of 25 years in the state penitentiary; and appeals.

The substance of the testimony is that the deceased and defendant met in a pool hall operated by Jesse Duran, at 415 S. W. Fifteenth street, Oklahoma City, Okla.; they were both drinking; the deceased, K. C. Jackson, was boisterous, and was interfering with the parties who were playing pool, and the proprietor tried to get him to behave, and he declined to do so, and the proprietor put the deceased out of the pool hall, and told the other parties to get out, as he was going to close. The defendant went out of the pool hall to where the deceased was standing, and there is some testimony to show that the deceased threw a bottle at the defendant. Another party who went out carried a billiard cue. In the difficulty that occurred in front of the pool hall, and near where there was a truck, the deceased and defendant came together and defendant used a knife on the deceased; from the wounds received at the hands of the defendant, the deceased some time thereafter died.

The defendant admits he cut the deceased with his knife. All of the testimony shows the difficulty was the result of intoxication, and that the defendant pursued the deceased after he came out of the pool hall and cut him without justification. There is no testimony showing the deceased was the aggressor. The only testimony whatever tending to show any violence of the deceased toward the defendant is that from some place in front of the pool hall the deceased threw a bottle at the defendant, which struck the glass in the building near the defendant. The

evidence is sufficient to sustain the verdict, and under the testimony the sentence imposed is not excessive. The question for this court to determine is, 'was the defendant accorded a fair and impartial trial?

The defendant in his argument urges that the court erred in overruling his motion for a new trial, and argues at length that the court erred in excluding from the consideration of the jury competent, relevant, and material testimony offered by the defendant tending to show that the deceased was a man of dangerous, violent, and turbulent character.

When the objection was interposed to the question prouounded to the witness as to whether or not he was acquainted with the general reputation in the community in which the deceased lived, as being a quarrelsome, violent, racketing sort of a fellow, the court sustained the objection on the ground that the defendant had not laid the proper foundation. If the defendant desired to reserve the question as to the competency of the testimony sought to be introduced for the determination of this court, the record should contain some showing as to what the testimony of the witness would have been had he been permitted to answer the question. Otherwise this court cannot determine whether or not the accused had been injured by the ruling of the trial court. Stouse et al. v. State, 6 Okla. Cr. 415, 119 Pac. 271.

In Francis v. State, 22 Okla. Cr. 287, 211 Pac. 433, in the third paragraph of the syllabus, this court said:

"The trial court committed no error in the exclusion of evidence, as recited in the opinion, where no sufficient showing was made as to what the defendant expected to prove by the testimony of the witness."

The defendant next urges that the court erred in overruling his demurrer to the evidence and refusing to give an instruction directing the jury to render a verdict of not guilty. This assignment is without merit, as there is competent evidence to sustain the verdict.

After a careful examination of the record and the assignments of error, we hold that the defendant was accorded a fair and impartial trial. There are no errors in the record sufficient to warrant a reversal.

The judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.